

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OEC FREIGHT (NY) INC.,

     Plaintiff,

-against-

PHILIP WHITNEY, LTD. and HARRY J.
PHILIP, Individual Guarantor,

     Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-2489 (FB)

*Appearances:*
*For the Plaintiff:*
JAMES E. RYAN, ESQ.
Dougherty, Ryan, Giuffra, Zambito & Hession
131 East 38th Street
New York, New York 10016

*For the Defendant:*
ROBERT A. SCHER, ESQ.
DANIEL J. SCHER, ESQ.
Scher & Scher, P.C.
55 Water Mill Lane, Suite 400
P.O. Box 376
Great Neck, New York 11021

**BLOCK, Senior District Judge:**

  This case involves an alleged breach of contract for failure of defendant shippers, Philip Whitney Ltd. and Harry J. Philip ("defendants"), to pay plaintiff OEC Freight (NY) Inc. ("OEC"), a freight forwarder, $39,929.10 for services rendered in transporting defendants' goods from various ports in or near China to New York.

  OEC invokes the Court's admiralty and maritime jurisdiction pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 *et seq.* ("COGSA"). Pursuant to Federal Rule of Civil Procedure 12(b)(1), defendants move to dismiss for lack of subject matter jurisdiction, and thereby abort arbitration of its claim.[1]

---

[1]  Although the claim has been referred to arbitration pursuant to Local Civil Rule 83.10(d), which compels arbitration of civil disputes involving claims of up to $150,000 (exclusive of interest and costs), the Court must, as a condition precedent to the arbitration, address the threshold question of whether it has jurisdiction. See Local Civil Rule 83.10(e)(2)(C) (stating that the court shall, *sua sponte*, or on motion of a party, exempt any

For the reasons stated below, the Court has subject matter jurisdiction. Accordingly, defendants' motion is denied.

I

In arguing that the Court lacks subject matter jurisdiction, defendants maintain that (1) COGSA is not applicable to OEC's breach of contract claim, and (2) OEC's status as a freight forwarder (as opposed to a carrier) does not form a basis for admiralty or maritime jurisdiction.

Whether COGSA is applicable is irrelevant here, as, contrary to defendants' assertion, OEC can seek redress from the Court pursuant to the district court's general admiralty or maritime jurisdiction.[2] *See* 28 U.S.C. § 1333(1). It is well-established that the determination of a federal court's admiralty jurisdiction over a contract claim turns on the nature of the contract at issue. *North Pacific Steamship Company v. Hall Brothers Marine Railway & Shipbuilding Company*, 249 U.S. 119, 125 (1919) (ruling that a court must consider the "nature and character of the contract," the "true criterion [of which] being . . . whether it [has] reference to maritime service or maritime transactions."); *see also Norfolk Southern Railway v. James N. Kirby, Pty Ltd.*, 543 U.S. 14, 26 (2004). And, as the Supreme Court has instructed, "[c]onceptually, so long as a bill of lading requires substantial carriage of goods by sea, its purpose is to effectuate maritime

---

precedent from [court-annexed] arbitration for "good cause"). Notably, defendants erroneously moved to dismiss OEC's claim pursuant to Local Civil Rule 56.1, the Court will consider defendants' motion as if made pursuant to Federal Rule of Civil Procedure 12(b)(1).

[2] There is no basis for diversity jurisdiction since all the parties are located and/or incorporated in New York State; in any event, the amount in controversy is under $75,000.

commerce — and thus it is a maritime contract." *See Kirby*, 543 U.S. at 24. That is clearly the case here.[3]

Further, it matters not that OEC is a freight forwarder — i.e., an agent of the shipper that arranged for the transport of goods rather than the actual carrier of the goods. The Second Circuit has counseled that, when considering whether a freight-forwarding contract falls within the admiralty jurisdiction of the federal courts, "the character of the work performed under the contract is determinative of whether the agreement was maritime." *Ingersoll Milling Machine Company v. M/V Bodena*, 829 F.2d 293, 302 (2d Cir. 1987) (holding that a contract with a freight forwarder that arranged for the loading of cargo and other tasks of a non-preliminary nature was a maritime contract). Moreover, *Ingersoll* considered "[t]he procurement of the proper papers and documents relating to a shipment by sea [to be] an essential and integral part of the shipping process." *Id.* at 302. Like the freight forwarder in *Ingersoll*, OEC secured bills

---

[3] The Second Circuit has held that the admiralty jurisdictional analysis incorporates a threshold inquiry into the nature *of the dispute*. *North American Foreign Trading Corp. v. Mitsui Sumitomo Insurance USA, Inc.*, 292 Fed. Appx. 73, 75 (2d Cir. 2008) ("a federal court must initially determine whether the subject matter of the dispute is so attenuated from the business of maritime commerce that it does not implicate the concerns underlying admiralty and maritime jurisdiction.") (citing *Atlantic Mutual Insurance Co. v. Balfour Maclaine International Ltd.*, 968 F.2d 196, 200 (2d Cir. 1992)); *see also Folksamerica Reinsurance Company v. Clean Water of New York, Inc.*, 413 F.3d 307, 312 (2d Cir. 2005). At least one court has concluded that the Supreme Court's decision in *Kirby* eschews such two-pronged analysis. *See New Hampshire Insurance Co. v. Home Savings and Loan Co. Of Youngstown, Ohio* 581 F.3d 420, 425 (6th Cir. 2009) (discussing at length the Second Circuit's two-pronged admiralty jurisdictional analysis and declining to adopt it). In any event, the dispute here centers around defendants' alleged failure to pay for the carriage of its goods by sea — which is clearly at the core of "the business of maritime commerce."

of lading from carriers transporting defendants' goods, a task that is not preliminary in nature, and "an integral part of the shipping process." *Id.*

## II

Defendants' motion is denied; the Court has subject matter jurisdiction over OEC's breach of contract claim, and the matter can proceed to arbitration.

**SO ORDERED.**  s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 15, 2010